```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/29/2022

UNITED STATES OF AMERICA,

           - against -

LUIS BENITEZ,

                           Defendant.

**19 CR 201 (AT)**

**ORDER**

**VICTOR MARRERO, United States District Judge.**

On November 21, 2022, Magistrate Judge Ona Wang held a bail revocation hearing in the above-captioned matter. Magistrate Judge Wang revoked bail and remanded defendant Luis Benitez ("Mr. Benitez") to detention on the grounds that he presented a danger to the safety of another person or the community. Mr. Benitez, who is scheduled to be sentenced before Judge Analisa Torres on January 4, 2023, appealed the detention order issued by Magistrate Judge Wang, and this Court, sitting on Part One assignment, held a bail appeal hearing on November 23, 2022.

At the bail appeal hearing, the Court reviewed the submissions and arguments of the parties. Upon de novo review, this Court determined that revocation of bail was not warranted. The Government argued that pursuant to 18 U.S.C. Section 3148(b)(2), a rebuttable presumption exists that "no condition or combination of conditions will assure that the

[defendant] will not pose a danger to the safety of any other person or community" on the grounds that there is probable cause to believe that Mr. Benitez committed a state crime while on release, specifically aggravated battery and domestic battery by strangulation in violation of Florida state law.

Mr. Benitez was arrested in Florida on October 2, 2022 and directed to stay away from the victim of his state crime, his wife, Kassandra Benitez ("Mrs. Benitez"). However, the stay away order was dissolved two weeks after Mr. Benitez's arrest, and the Florida state charges were ultimately dismissed. Since the stay away order was lifted, Mr. Benitez has been residing with Mrs. Benitez and their children, worked out a rotating schedule for Mr. and Mrs. Benitez to work and watch their two children, has gone to marriage counseling regularly, and has not had any further incidents of domestic violence.

In finding that revocation was not warranted, the Court determined that conditions could be put in place to ensure the safety of the parties involved. These conditions included (1) the continuation of marriage counseling between Mr. and Mrs. Benitez for a period of time recommended by the Probation Office; (2) regular reporting to Pretrial Services, which shall determine the frequency and means -- such as the audio

or video conferencing technology -- by which such reporting shall occur; and (3) that Mr. Benitez receive anger management counseling to be selected by Pretrial Services. The Court is persuaded that these additional conditions to the original bail conditions can reasonably ensure the safety of the victim and other involved parties while Mr. Benitez awaits sentencing.

Moreover, in making this determination, the Court considered other factors, including Mr. and Mrs. Benitez's work schedules, their obligations to their children and unborn child, and the fact that the continued custody of Mr. Benitez is likely to pose additional challenges to Mrs. Benitez and their children. During the hearing, Mrs. Benitez was present in the courtroom, and Mr. Benitez represented to the Court that Mrs. Benitez consented to his return to their home residence and that she believes this arrangement is in the parties' and their children's best interest.

The Court thus reverses Magistrate Judge Wang's revocation of bail and remand order. Bail is reinstated, subject to the conditions set forth above and on the record at the November 23, 2022 hearing, and Mr. Benitez shall be released by the United States Marshal Services until Mr. Benitez's sentencing currently scheduled for January 4, 2023. For the foregoing reasons, it is hereby

**ORDERED** that the bail of Luis Benitez ("Mr. Benitez") is hereby reinstated subject to the original conditions; and it is hereby

**ORDERED** that as an additional condition of his bail, Mr. Benitez shall continue marriage counseling for a period of time to be recommended by the Probation Office; and it is hereby

**ORDERED** that as an additional condition of his bail, Mr. Benitez shall regularly report to Pretrial Services, which shall determine the frequency and means -- such as the audio or video conferencing technology -- by which such reporting shall occur; and it is hereby

**ORDERED** that as an additional condition of his bail, Mr. Benitez shall receive anger management counseling to be selected by Pretrial Services.

**SO ORDERED.**

Dated:    29 November 2022
         New York, New York

_____
Victor Marrero
U.S.D.J.